### STEINMETZ et al. v. COSMOPOLITAN RANGE CO.

(Supreme Court, Appellate Term.    June 22, 1905.)

**1. COUNTERCLAIM—SUBJECT OF ACTION.**

The phrase "subject of the action," in Code Civ. Proc. § 501, allowing a counterclaim where it is connected with the subject of the action, means the plaintiff's principal, primary right, to enforce which the action was brought.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Set-Off and Counterclaim, §§ 49, 56.]

**2. EVIDENCE—VALUE OF PROPERTY—COMPETENCY.**

The testimony of a witness as to the value of certain property. stated by him to be based on reports and figures given to him by others, which reports, etc., were not shown to be correct, was incompetent.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1214, 2215–2218.]

Appeal from City Court of New York, Trial Term.

Action by Joseph A. Steinmetz and another against the Cosmopolitan Range Company.    From a judgment in favor of defendant, plaintiffs appeal.    Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Hastings & Gleason, for appellants.

Reynaud & McKinney, for respondent.

DUGRO, J.    The counterclaim would be connected with the subject of the action if the goods sold, in whole or in part, were to be made from any of the patterns in plaintiffs' charge.    The authorities are not in harmony as to the meaning of the words "subject of the action," as used in section 501, Code Civ. Proc., but we incline to that set forth in section 651 of Pomeroy's Code Remedies (4th Ed.).    There it is stated that the language denotes the plaintiff's principal primary right, to enforce which the action is brought. Taken in this sense, the counterclaim in this case is proper, if the goods in question were to be made from the patterns, for the defendant's right to the patterns was connected with the plaintiffs' right, in view of the fact that the patterns were impliedly to be used in connection with the making of the goods.    The learned trial justice, in submitting the question of the value of the patterns to the jury, stated to the jury that there was testimony offered by the defendant that the value of the patterns was $1,500.    There was no such competent evidence.    The witness Buzzini, who testified in behalf of defendant that the value of the patterns was $1,500, on cross-

examination stated that he had based this value on the reports and various figures given him as to cost by some person or persons, probably he referred to the pattern maker and another; that he did not know anything about them personally, and did not know anything about the labor.   This evidence of value was based upon statements which were not shown to be correct, and so was of no value. The plaintiff moved to strike out the testimony of this witness, and, though his motion was probably too broad, still he made clear to the court that he desired to have this evidence of value out of the case, upon the ground that it was based upon hearsay.   Under the circumstances, the court should have charged the jury to disregard the evidence.   He did otherwise, manifestly to the prejudice of the plaintiffs.

The judgment will be reversed and a new trial granted, with costs to appellants to abide the event.

MacLEAN, J. (concurring).   The sale of one commodity and the conversion of another are independent transactions, and the cause of the counterclaim may not be said to be connected with the subject of the action, for it does not appear that the articles therein alleged to have been converted had been used in whole or in part in the manufacture of the specific goods, the sale of which constituted the claim of the plaintiffs.   Starr Cash Car Co. v. Reinhardt (Com. Pl.) 20 N. Y. Supp. 872.

The counterclaim should have been dismissed.   Wherefore the judgment must be reversed, and a new trial ordered.   All concur.